Opinion of the Court, by
Judge Owst.ky.
THIS was an action of covenant, brought in the cir-.; cuit court by Myers, upon a stipulation warranting a negro woman sound and healthy, except her toes, which were frost bitten, contained in a bill of sale which was executed by Bishop.
The breach contained in the declaration alleges, that at the time, of executing the bill of sale, the negro woman, except her foes, which were frost bitten, was not sound and healthy, but was unsound, crippled and weak in her back.
[i] Plea of not infregifc, the of the vender fdr ^ property, is not good on the allegation of unsoundness, the breach.11* But the ob-y ver lct“
[2] The evi-uerioe must to set aside a verdict for gainst the opinion of the Cil'oult oouvt>
The plea of Bishop alleges, that he has not hfolcen Iris covenant, in manner and form as charged in the de-deration. To this plea, Myers filed a general replication.
A jury was called to fry the issue, and a verdict was found for Bishop. A motion' was then made by Myers for a new trial, upon the ground that the verdict was contraryto law and evidence; but the motion was overruled, and judgment rendered in bar of Myers’ actionl
To reverse that judgment, this writ of error has been prosecuted.
The assignment of errors questions, as well the sufficiency of the plea of Bishop, as the opinion of the court overruling the motion fora new trial.
(1) The.plea is evidently hot such ah one as would be sustained upon a demurrer at common law. Instead of denying that he had broken his covenant, in technical strictness, BiJ^p should have traversed the ness of the negro, alleged in the declaration. ,
• Itdoestfiot, however, thence follow, .that the objection to tlnlpleaought now to be sustained in this court; for an issup.-. was taken to the plea, and a verdict found by the jurjAund many exceptions to pleas, though sus-tamable atflfcbmmon law upon demurrer, will not be availing af*r verdict, and the objection to the plea of Bishop, is one of that soft. - • -
If, in truth, there has been no breach of the covenant, Mvefs undoubtedly has no right of action, and after b.e-ing informed by the plea that Bishop would, in his fence, rely upon the covenant not having been broken,e and after failing, before the trial in the court below, to object to the plea, he should not, in this court, for the first time, be permitted to avail himself of the objection.
(2) With respect to the other objection taken in the assignment of errors, there is more doubt. We think, however, that the facts1 exhibited in the bill of exceptions, are not sufficiently strong to justify this court, contrary to the opinion of the court below, in pronouncing t.|he verdict contrary to evidence; and if it be not con'trary to evidence, it is impossible to say, that the verdict is against law.
The evidence is, no doubt, sufficient to authorize the conclusion, that the negro was unsound at the trial; but there is a lack of evidence to show conclusively, that s.he was so when the bill of sale was "given by Bishop; *112 and tó havé authorized the jury to find a verdict for Myers, the evidence ought to have satisfied them, that at the time the bill of sale was given, the negro was unsound.
Barry, for plaintiff; Triplett, Webber and Garrard, for defendant.
The judgment must, therefore, be affirmed with costs.